IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 8, 2002 Session

## WILLIAM T. TARPLEY v. RON SEARCY, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 99CV-1028     Marietta S. Shipley, Judge by Interchange**

_____

**No. M2000-03094-COA-R3-CV - Filed May 7, 2002**

_____

The Circuit Court of Davidson County affirmed an arbitrator's award despite the opponent's claim of the arbitrator's bias and of erroneous calculations.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Paula Ogle Blair, Nashville, Tennessee, for the appellant, Ron Searcy, Individually and d/b/a Restoration Contractors.

William W. Burton, Murfreesboro, Tennessee, for the appellee, William T. Tarpley.

### OPINION

### I.

Ron Searcy, d/b/a Restoration Contractors hired William T. Tarpley to perform services for Mr. Searcy's business, and promised to pay him a ten percent commission for restoration work completed.  Their written agreement included an arbitration clause.

After the business relationship ended, the parties were in a dispute over how much Mr. Searcy owed Mr. Tarpley.  Mr. Tarpley filed an action to collect $45,387.20, and the parties agreed to submit the dispute to arbitration.  After a hearing before Jerry Scott, a practicing attorney in Murfreesboro, Mr. Scott awarded Mr. Tarpley $31,944.54.

Mr. Tarpley filed this action to confirm the award.  Mr. Searcy at first filed a simple answer denying Mr. Tarpley's right to the award, and then he moved to amend his answer to include a defense of bias on the part of Mr. Scott.  Mr. Scott allegedly represented Ms. Searcy's ex-husband

in a custody dispute, and actually filed a petition on the ex-husband's behalf after the arbitration hearing. At the hearing, the trial judge denied Mr. Searcy's oral motion to amend his answer again, to challenge Mr. Scott's calculations.

After hearing the proof, the trial judge entered the following order:

> This cause came on to be heard on the 7th day of September, 2000, before the Honorable Marietta S. Shipley, Judge upon the complaint of William T. Tarpley to enforce an arbitration decision rendered by Attorney Jerry Scott, the answer and affirmative defenses of Ron Searcy seeking to vacate the award pursuant to Tenn. Code Ann. Section 29-5-313(a) 1 & 2, (b) and (c).

> The Court heard testimony from Jerry Scott, Ron Searcy and William T. Tarpley and argument of counsel from all of which the court finds that Ron Searcy is an intelligent business person and he signed the binding arbitration agreement on Marcy 29, 1999. That at the time Jerry Scott heard the case and rendered his decision, he was not aware that Mr. Searcy was married to his nephew's ex-wife. Mr. Scott was not corrupt or partial to either side. No interest will be allowed on the award.

## II.

Trial courts play a limited role in reviewing arbitration awards. *Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445, 448 (Tenn. 1996). Under our Uniform Arbitration Act, Tenn. Code Ann. § 29-5-301, et seq., a court may vacate an award on limited grounds, one of which is "evident partiality" of an arbitrator. Tenn. Code Ann. § 29-5-313(a)(2).

In this case, however, the trial judge found as a fact that the arbitrator was not partial. That finding is presumed to be correct, unless the evidence preponderates against it. Rule 13(d), Tenn. R. App. P. Mr. Scott testified at the trial that his wife's nephew had come to see him in 1997 about a visitation dispute he was having with his ex-wife. Mr. Scott wrote a letter on his client's behalf to the ex-wife, who unknown to Mr. Scott, happened to be married then to Mr. Searcy. The dispute apparently resolved itself and Mr. Scott closed his file.

Mr. Scott testified that when he agreed to serve as an arbitrator, he did not know Mr. Searcy and did not connect him with his client's ex-wife. Only after he concluded the arbitration was he contacted by his client with the specific details set forth in the petition to change custody. Based on this largely undisputed proof we cannot say that the trial judge's finding was erroneous.

## III.

Mr. Searcy also asserts that the trial judge erred in refusing to allow him to raise questions about Mr. Scott's calculations. Again we consult the statute to determine what limited review is

available in reviewing an arbitration award. Tenn. Code Ann. § 29-5-314(a)(1) allows a court, upon an application made within ninety days of the award, to modify the award if there is an "evident miscalculation of figures."

In this case, the application came too late. Mr. Scott issued the award on May 28, 1999 and the complaint to enforce the award was filed on July 13, 1999. Mr. Searcy did not raise any question about the calculations until the day of the trial, August 7, 2000. Although the trial judge might have granted the motion to amend the answer, it was certainly not an abuse of discretion to deny it.

The judgment of the trial court is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Ron Searcy.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.